United States District Court
For The District of Columbia

Donnell Hurt #191-728
1901 D St., SE
Wash, DC 20003,
    Plaintiff,

v.

United States Federal
Bureau of Prisons,
United States Marshal Service,
Officer Clark, U.S. Marshal,
    Defendants.

CASE NUMBER 1:06CV00085

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 01/17/2006

FILED JAN 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JURY ACTION

Civil Rights Violation Complaint under 28 U.S.C. 1331
And/or Bivens v. Six Unknown F.B.I. Agents.

Comes now pro se plaintiff Donnell Hurt files this complaint against the Defendants for violation of his civil rights. Plaintiff is respectfully requesting this Honorable Court to order the Defendants to pay him monetary relief of compensatory and punitive damages totalling one-million Dollars ($1,000,000).

Plaintiff Demands A Trial By Jury.

### Jurisdiction

Under 28 U.S.C. section 1331, this Court has jurisdiction to hear plaintiff's complaint. All Defendants are agencies and employees of the United States Government and acted under U.S. laws when Plaintiff's Rights were violated.

### Statement of Case

On December 12, 2005, at approximately 3:00 pm Officer Clark and an unidentified officer both of the U.S. Marshal Service entered Hope Village - a Community Correctional Center - located at 2844 Langston Place S.E. Washington D.C., to

RECEIVED DEC 30 2005 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

2.

make a search and seizure of Plaintiff Donnell Hurt. Plaintiff was taken by Officer Clark who also searched plaintiff, removing all items from plaintiff's person and placed plaintiff's hands behind his back and handcuffed him and placed leg-irons on plaintiff's ankles. Plaintiff was told that the U.S. Federal Bureau of Prisons ordered the U.S. Marshal to seize him but was not told why he was being seized. Plaintiff was not allowed a phone call to him family nor was he allowed to have any of his personal property (Photo ID, Driver's license legal law materials, etc.) Plaintiff was taken away in a U.S. Marshal van driven by Officer Clark. Plaintiff was taken to the basement of U.S. District Court for the District of Columbia were he was booked, fingerprinted, and photograph. Plaintiff was then immediately taken to the District of Columbia Jail where he remains as of the filing of this civil complaint. Plaintiff since his arrival at D.C. Jail on December 12, 2005, has not received any notice for his placement in DC Jail, has not received a hearing; no reason was given to plaintiff verbally or in writing for his removal from Hope Village to DC Jail, a Detention Facility for pretrial detainees. Prior to plaintiff removal from Hope Village, he was released from the Bureau of Prisons' Allenwood Federal Prison in White Deer, PA on November 25, 2005, when the Bureau of Prisons approved of Plaintiff to be released to Hope Village until his parole date of December 30, 2005. Plaintiff has violated no law while residing at Hope Village that would justify his removal and taken to DC Jail, a more ~~that~~ harsh and hostile environment.

3.

## Statement of Claim

Plaintiff claims that the actions of the Defendants violated his civil rights encoded in the 4th, 5th and 8th Amendments to the U.S. Constitution while acting under color of U.S. Law.

## First Cause of Action

Plaintiff claims that the Bureau of Prisons violated his right to procedural Due Process, right against illegal search and seizure, and right to be free of cruel and unusual punishment when it ordered plaintiff removal from Hope Village, the place of plaintiff residence, and taken to D.C. Jail - a more hostile and harsh environment and where plaintiff's liberty was greatly diminished. Plaintiff did not receive prior notice of the reason for his removal, nor did he violate any rules or laws of the U.S. Government adopted or sanctioned by the Bureau of Prisons that would justify the Bureau of Prisons decision to order plaintiff searched and seized from Hope Village. Plaintiff claims that the Bureau of Prison is responsible for his placement, custody and care at Hope Village and that his present confinement at D.C. Jail is cruel and unusual punishment.

## Second Cause of Action

Plaintiff claims that his rights to Due Process of law, illegal search and seizure, and against cruel and unusual punishment were violated when Officer Clark of the U.S. Marshal Service searched and seized plaintiff from his place of residence. Officer Clark handcuffed plaintiff behind his back and applied leg-irons to his ankles. Plaintiff was not allowed to take any of his personal property nor allowed a phone call to inform his family of his whereabouts.

4.

Nor was he given any reason or notice as to why he was being taken away from Hope Village. Plaintiff was only told that the Bureau of Prisons ordered his seizure. Plaintiff was taken by Officer Clark and driven to U.S. District Court for the District of Columbia where he was booked, fingerprinted, and photographed. Plaintiff was then driven by Officer Clark to D.C. Jail — a more hostile and harsh environment than his place of residence at Hope Village where he ~~enjoyed~~ was allowed greater freedom.

## PARTIES

1. United States Federal Bureau of Prisons, an agency of the U.S. Government, responsible for the custody and care of plaintiff is being sued in its official capacity.
2. United States Marshal Service, an agency of the U.S. Government is being sued in its official capacity and as employer of Officer Clark.
3. Officer Clark, employee of the U.S. Marshal Service, is being sued in his individual and official capacity.
4. Plaintiff Donnell Hurt, a resident of the District of Columbia.

Wherefore Plaintiff prays that this Honorable Court grant the relief he seeks.

I, Plaintiff Donnell Hurt, do solemnly swear that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully Submitted
s/ Donnell Hurt
Donnell Hurt #191788
1901 D St., S.E.
Washington DC
20003

This 24th day of December, 2005